```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRANCISCO SANCHEZ,

               Petitioner,              MEMORANDUM AND ORDER
                                        08-CV-5060 (JS)
         - against -

UNITED STATES OF AMERICA,

               Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Francisco Sanchez, Pro Se
                   Reg. # 71979-05
                   M.V.C.C., Unit B-2
                   555 I Cornell Drive
                   Philipsburg, PA 16866

For Respondent:    William Patrick Campos, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, New York 11722
```

SEYBERT, District Judge:

On December 8, 2008, Francisco Sanchez ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. For the reasons explained herein, the petition is DENIED.

BACKGROUND

On June 20, 2007, Petitioner pled guilty to knowingly and intentionally conspiring to distribute and possess with intent to distribute one kilogram or more of substance containing heroin, in violation 21 U.S.C. § 841(a)(1). Petitioner's Plea Agreement with the United States Attorney's Office for the Eastern District of New

York included the following passage:

> The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 121 months or below.

(Plea Agreement ¶ 4.) The following exchange took place during Petitioner's plea allocution:

> THE COURT: [T]here's a mandatory minimum sentence of 10 years with regard to this particular charge and there is a five year minimum supervised release term. . . . Do you understand that?
>
> THE DEFENDANT: Yes I understand.
>
> THE COURT: In addition, you understand that the maximum fine you would pay here is $4 million. There's a $100.00 special assessment. And the other penalties would include your deportation or removal back to Columbia. Do you understand?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: There is a sentencing guideline which I will review. They are advisory, but I will review them and consider them before imposing sentence. Do you understand that, sir?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: In addition, those guidelines at this point in time are calculated to be a level 30. That's assuming you have no prior criminal history, your sentence would be from 97 to 121 months.
>
> THE DEFENDANT: I understand.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> THE COURT: If I sentence you to more than 121 months, you could appeal my sentence. If I sentence you to 121 months or less, you cannot

>           appeal my sentence.
>           Do you understand that, sir?
>           THE DEFENDANT: I understand.

(Plea Tr. July 20, 2007 5-7, 10).

On November 2, 2007, this Court sentenced Petitioner to a term of imprisonment of seventy months, a term of supervised release of three years, and a special assessment of $100. Thereafter, this Court vacated Petitioner's sentence based upon certain issues that arose at Petitioner's co-defendant's sentencing. The Court determined that Petitioner should be accountable for only 997 grams of heroin, as opposed to 2 kilograms of heroin. Accordingly, on December 7, 2007, the Court re-sentenced Petitioner to fifty-seven months of incarceration, with the same conditions that applied to Petitioner's original sentence.

Petitioner now argues that he was denied his constitutional right to effective assistance because (1) counsel failed to move for a downward departures based on Petitioner's status as a deportable alien, and (2) counsel failed to argue that the "fast-track" policy creates sentencing disparities.

## DISCUSSION

I. <u>Standard of Review</u>

A collateral attack, as opposed to a direct appeal, on a final judgment in a criminal case pursuant to § 2255 is generally only available "for a constitutional error, a lack of jurisdiction

in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)); see also Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994)("not 'every asserted error of law can be raised on a § 2255 motion'") (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305 (1974)), cert. denied, 513 U.S. 1110, 115 S. Ct. 900, and cert. denied, 514 U.S. 1084, 115 S. Ct. 1796, and cert. denied, 514 U.S. 1134, 115 S. Ct. 2105 (1995). Thus, the Second Circuit has held that "the scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (citations omitted). One exception to this rule, however, is for claims of ineffective assistance of counsel. Such claims may be brought in a Section 2255 proceeding whether or not the petitioner could have raised them on direct appeal. See Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

II. Petitioner Waived his Right to File the Instant Petition

Before assessing Petitioner's claims, however, the Court must consider whether, by entering into the Plea Agreement, Petitioner waived his right to file a habeas corpus petition

pursuant to 28 U.S.C. § 2255.  The threshold question, therefore, is whether Petitioner knowingly and voluntarily entered into the Plea Agreement, which contained a waiver of his right to appeal or otherwise challenge a sentence of 121 months or less.

The Second Circuit has held that "knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable."  <u>United States v. Salcido-Contreras</u>, 990 F.2d 51, 51 (2d Cir. 1993) (per curiam).  Furthermore, under no circumstances "may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.  Such a remedy would render the plea bargaining process and the resulting agreement meaningless."  <u>Id.</u> at 53.

Courts have stressed, however, that "[w]aivers of the right to appeal a sentence, like waivers of constitutional rights, are invalid unless they are voluntary and knowing."  <u>United States v. Monzon</u>, 359 F.3d 110, 116 (2d Cir. 2004) (internal quotation marks and citation omitted).  Therefore, when a criminal defendant gives up the right to appeal a sentence, the waiver is not enforceable unless "the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary."  <u>Id.</u> at 116 (internal quotation marks and citation omitted).  "A plea is

5

involuntary where a defendant did not have 'knowledge of the nature of the constitutional protections he will forgo by entering his plea.'" Basnight v. Keane, No. 99-CV-4826, 2000 U.S. Dist. LEXIS 10940, at *11 (E.D.N.Y. Aug. 1, 2000) (quoting Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir. 1986)).

Here, Petitioner agreed not to file an appeal or otherwise challenge his conviction or sentence in the event that the Court imposed a term of imprisonment of 121 months or below. Petitioner was ultimately sentenced to fifty-seven months of imprisonment, a term below the 121-month provision in the Plea Agreement. Furthermore, Petitioner was specifically instructed by this Court at his Plea Allocution of his rights and the consequences of pleading guilty, including that he waived his right to file an appeal or a Section 2255 petition if sentenced to 121 months or less.

It is clear that Petitioner was fully informed of the conditions and consequences of his plea, and that no threats, misrepresentations or promises were made to him in exchange for it. In fact, Petitioner does not claim that his plea was unknowing, involuntary, or unintelligent. Rather, Petitioner argues that his petition is not precluded by the waiver provision of the Plea Agreement because he was denied effective assistance of counsel at sentencing. Petitioner claims that he was denied his constitutional right due to his counsel's failure to: (1) pursue a

6

downward departure based on Petitioner's status as an alien and (2) argue that the "fast-track" program creates sentencing disparities.

While courts might well consider claims of ineffective assistance of counsel related to entry into a plea agreement, even where the plea agreement contains a waiver, it is well-settled in this Circuit that claims of ineffective assistance of counsel at sentencing "are barred by the plain language of the waiver contained in the plea agreement." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998). As was the case in Djelevic, Petitioner has failed to relate his claims to the validity of his guilty plea or assistance of counsel during plea negotiations or allocution, but rather concentrates on counsel's performance at sentencing. Such arguments are foreclosed by the waiver regardless of their merits. See Whelan v. United States, No. 05-CV-0923, 2007 U.S. Dist. LEXIS 56883, at *5-6 (E.D.N.Y. Aug. 3, 2007). As discussed above, Petitioner knowingly and voluntarily agreed to plead guilty and to waive his right to appeal any sentence of 121 months or less. "He does not contend that he received ineffective assistance of counsel in deciding to plead guilty or enter into the plea agreement. Indeed, he does not challenge his conviction." Soon v. United States, 93 F. Supp. 2d 478, 480 (S.D.N.Y. Apr. 18, 2000). Accordingly, Petitioner is bound by the Plea Agreement, and has thus waived his right to vacate, correct, or modify the sentence based upon the instant arguments.

The Court does note, however, that even if Petitioner had not waived his right to file the instant petition, Petitioner would not be entitled to habeas relief. Petitioner's counsel was not ineffective for failing to argue for a downward departure based on Petitioner's status as an alien. The Second Circuit has clearly stated that the effect of deportation does not justify a downward departure. United States v. Restrepo, 999 F.2d 640, 644 (2d Cir. 1993). Thus, counsel was not ineffective for failing to argue for a downward departure. See United States v. Ejike, No. 06-CV-13327, 2007 U.S. Dist. LEXIS 47849, at *12 (S.D.N.Y. June 27, 2007) ("First, although [petitioner's] attorney did not argue for a downward departure on the basis of [petitioner's] status as a deportable alien, this was a reasonable omission."); see also Martinez v. United States, No. 08-CV-0172, 2008 U.S. Dist. LEXIS 61554, at *11 (S.D.N.Y. Aug. 11, 2008) (rejecting petitioner's claim that his attorneys were ineffective for failing to request a downward departure based on petitioner's alien status).

Likewise, Petitioner's argument that counsel was ineffective for failing to argue that the "Fast-Track" policy creates sentencing disparities is equally without merit. The Second Circuit has firmly stated that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006). Thus, any argument by

counsel that fast-track programs create sentencing disparities would have been without merit. See Rodriquez-Quezada v. United States, No. 08-CV-5290, 2008 U.S. Dist. LEXIS 74120, at *6-7 (S.D.N.Y. Sept. 15, 2008); Cuevas v. United States, No. 07-CV-10635, 2008 U.S. Dist. LEXIS 39976, at *15 (S.D.N.Y. May 14, 2008) ("[Petitioner's] argument that his lawyer was ineffective for failing to argue that 'fast track' programs create unwarranted sentencing disparities between federal districts has also been squarely rejected by the Second Circuit.").

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2255 is DENIED.

Pursuant to 28 U.S.C. Section 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to mark this matter closed and terminate all pending motions.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       December __28__, 2009